# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. DUNN, | CASE NO. 1:10-cv-01099-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 6, 7) |
| CAPTAIN FISHER, et al., | |
| Defendants. | |

Plaintiff Phillip W. Dunn ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are two motions from Plaintiff.

On August 19, 2010, Plaintiff filed a motion requesting a preliminary injunction.[1] (Doc. #6.) Plaintiff's motion requests that the court order the Defendants to refer him to neurological, orthopedic, and pain management specialists and to provide him with a lighter wheelchair.

The purpose of a preliminary injunction or a temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits,

---

[1] Plaintiff's motion is more appropriately construed as a request for a temporary restraining order because the defendants in this action have not been served, have not made an appearance in this action, and have not otherwise been provided with notice of the pending motion.

1

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction or temporary restraining order simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

The Court will deny Plaintiff's motion for a temporary restraining order/preliminary injunction. Preliminary injunctive relief is an extraordinary remedy and will not be granted in the absence of extraordinary evidence. Plaintiff's evidentiary showing is not sufficient to warrant preliminary injunctive relief.

Plaintiff's arguments regarding whether he is likely to succeed on the merits of this action are not persuasive. Plaintiff merely states in conclusory fashion that he is likely to succeed because he "has volumes of medical documents." (Mot. for Prelim. Inj. 1:25-27, ECF No. 6.) Plaintiff does not cite to any cases that involve the same or similar facts as this lawsuit and were decided in favor of the plaintiff. Plaintiff's motion does not even set forth the claims being raised in this lawsuit. Plaintiff is responsible for carrying the burden of persuasion on a motion for a temporary restraining order/preliminary injunction by performing the research necessary to establish that his claims are meritorious.

Plaintiff's arguments regarding the threat of future irreparable harm are similarly unpersuasive. Plaintiff claims that he has substantial medical problems. However, he has failed to

produce any persuasive evidence that his current treatment is insufficient or that different treatment is necessary. Plaintiff claims that prison officials will not refer him to a specialist, but fails to identify what the specialist would do or why a referral is necessary to prevent irreparable harm. It is unclear what irreparable harm would occur if Plaintiff does not see a specialist or if Plaintiff does not receive a lighter wheelchair. Plaintiff vaguely concludes that his condition will deteriorate if he is not referred to a specialist and does not receive a lighter wheelchair. Plaintiff's assertions are not supported by the exhibits attached to his motion. Plaintiff has failed to submit any documentation from any medical professional that specifically identifies the risks to Plaintiff's health if he is not referred to a specialist or is not provided with a lighter wheelchair. Accordingly, the Court will deny Plaintiff's motion for a preliminary injunction.

The Court reiterates the fact that preliminary injunctive relief is an extraordinary remedy that will not be granted to any litigant unless he or she can clearly meet the difficult burden of demonstrating that the relief sought is necessary to prevent irreparable harm. Since preliminary injunctive relief consists of relief granted to parties before the merits of the case are decided, the Court will only grant preliminary injunctive relief in the rare circumstance where a litigant can satisfy the extraordinary burden of proof necessary to justify such relief.

Plaintiff has also filed a motion to "shorten time." Plaintiff's motion appears to request that the Court rule on his motion for a preliminary injunction in an expedited manner. Plaintiff is advised that the Court receives a large number of filings from litigants requesting relief similar to the relief sought by Plaintiff. The Court rules on these filings as quickly as possible. Plaintiff has not cited to any authority that entitles him to expedited rulings on his filings. Since this order resolves Plaintiff's motion for a preliminary injunction, Plaintiff's motion to "shorten time" will be denied as moot.

///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction is DENIED; and

2. Plaintiff's motion to "shorten time" is DENIED as moot.

IT IS SO ORDERED.

**Dated:   February 4, 2011**               /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE