1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. DUNN,<br><br>                    Plaintiff,<br><br>    v.<br><br>FISHER, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:10-cv–01099-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Phillip W. Dunn is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the first amended complaint, filed September 20, 2010. (ECF No. 8.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**II.    Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Treatment Facility ("SATF"), Corcoran. The unrelated incidents alleged in the complaint occurred from August 2006 through March 2010. Plaintiff brings this action against twenty six named and twenty five unnamed defendants, alleging

1

1   deliberate indifference to serious medical needs, violation of due process, and state law claims

2   against defendants at SATF, Avenal State Prison, and Pleasant Valley State Prison.

3       Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R.

4   Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507

5   F.3d 605, 607 (7th Cir. 2007).  As an initial matter, Plaintiff may bring a claim against multiple

6   defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of

7   transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P.

8   20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance

9   Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Plaintiff is advised that the fact that his

10  claims arise out of his medical treatment does not make them related.  Only if the defendants are

11  properly joined under Rule 20(a) will the Court review the other claims to determine if they may be

12  joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

13      Plaintiff's complaint violates Rule 18 as he has alleged unrelated incidents, against multiple

14  defendants, that occurred at different correctional facilities.  Plaintiff shall be given the opportunity

15  to file an amended complaint curing the deficiencies described by the Court in this order.  In the

16  paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply

17  to his claims.  Plaintiff should carefully review the standards and amend only those claims that he

18  believes, in good faith, are cognizable.

19  **III.   Legal Standards**

20       **A.      Deliberate Indifference**

21      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

22  must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096

23  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two

24  part test for deliberate indifference requires the plaintiff to show (1) a 'serious medical need' by

25  demonstrating that failure to treat a prisoner's condition could result in further significant injury or

26  the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

27  deliberately indifferent." Jett, 439 F.3d at 1096.

28      Deliberate indifference is shown where the official is aware of a serious medical need and

1   fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir.

2   2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v.

3   Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which

4   he could make an inference that "a substantial risk of serious harm exists" and he must make the

5   inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

6       A difference of opinion between a prisoner and prison medical authorities as to proper

7   treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981);

8   Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Neither a difference of opinion between

9   medical providers regarding treatment, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), nor an

10  allegation by a prisoner that a physician has been merely indifferent or negligent or has committed

11  medical malpractice in diagnosing or treating a medical condition state a claim, Broughton v. Cutter

12  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. Additionally, a delay

13  in treatment would not rise to the level of deliberate indifference unless the delay causes substantial

14  harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332,

15  1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407

16  (9th Cir. 1984).

17      **B.   Due Process**

18      The Due Process Clause protects against the deprivation of liberty without due process of

19  law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause

20  of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

21  the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom

22  from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480,

23  115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by

24  the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty

25  interest protected by the Due Process Clause only where the restraint "imposes atypical and

26  significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v.

27  Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

28  ///

C.   **Retaliation**

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983.  also Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

D.   **Injunctive Relief**

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert. denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Finally, to the extent that Plaintiff wishes to pursue an equitable claim based on defendants' violation of the Plata[1] consent decree, Plaintiff must pursue such claim through the consent decree or class counsel.  Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999).  Individual suits for

---

[1] The Court assumes that Plaintiff references 3:01-cv-01351-TEH Plata v. Brown, et al. (N.D.Cal.).

4

injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action "must be made through the class representative until the class action is over or the consent decree is modified." McNeil v. Guthrie, 945 F.2d 1163, 1166 (10th Cir.1991). If Plaintiff wants to complain about a perceived failure to comply with the order in Plata, he may contact the Federal Receiver.[2]

### E.      State Law Claims

Plaintiff also alleges negligence, medical malpractice, battery, and defamation under California State law.  The California Tort Claims Act[3] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  K.J. v. Arcadia Unified School Dist., 172 Cal.App.4th 1229, 1238 (2009); Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6; K.J., 172 Cal.App.4th at 1238; State v. Superior Court (Bodde), 90 P.3d 116, 122 (Cal. 2004).   Failure to allege compliance with the California State Tort Claims acts subjects the complaint to a general demurrer for failure to state a claim.  K.J., 172 Cal.App.4th at 1238; Bodde, 90 P.3d at 120.  To bring state law claims, Plaintiff will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.  In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to the California state law claims.

### 1.      Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act

---

[2] To submit a complaint or request for compliance with Plata, Plaintiff may contact J. Clark Kelso, Receiver, c/o California Department of Corrections and Rehabilitation, Controlled Correspondence Unit, P. O. Box 4038, Sacramento, CA 95812-4038.

[3]The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

or omission." Cal. Gov't Code § 844.6(d) (West 2009).  Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009); Lawson v. Superior Court, 180 Cal.App.4th 1372, 1389 (Ct. App. 2010).

### 2.   **Medical Malpractice**

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (Ct. App. 2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

### 3.   **Battery**

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).  For a civil battery claim in California, the plaintiff must prove "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." Ransweiler, 171 Cal.App.4th at 526.  Where the defendant is a peace officer, the plaintiff must also prove that the use of force was unreasonable. Id. at 526.

### 4.   **Defamation**

"Defamation is an invasion of the interest in reputation." Gilbert v. Sykes, 147 Cal.App.4th 13, 27 (Ct. App. 2007) (internal quotations and citation omitted).  Under California law, "defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damages." Price v. Operating Engineers Local Union No. 3, 195 Cal.App.4th 962, 970 (Ct. App. 2011) (citation omitted).

### F.   **Amended Complaint**

Plaintiff is advised that under Rule 8(a), his amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Finally, as discussed above, Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607. Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with

1    Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated

2    claims.

3    **IV.    Conclusion and Order**

4         Plaintiff's complaint shall be dismissed for failure to comply with Rule 18.  Plaintiff is

5    granted leave to file an amended complaint within thirty days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-

6    49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims

7    in his amended complaint.  <u>George</u> , 507 F.3d at 607 (no "buckshot" complaints).

8         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

9    named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

10   <u>Iqbal</u>, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

11   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

12   caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although

13   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

14   speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

15        Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

16   114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

17   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

18   causes of action alleged in an original complaint which are not alleged in an amended complaint are

19   waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

20   Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

21        Based on the foregoing, it is HEREBY ORDERED that:

22        1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

23        2.    Plaintiff's first amended complaint, filed September 20, 2010, is dismissed for failure

24              to comply with Rule 18;

25        3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

26              amended complaint; and

27   ///

28   ///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:    **November 21, 2011**              _____**/s/ Barbara A. McAuliffe**_____
UNITED STATES MAGISTRATE JUDGE